**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ABIDINE OUEDRAOGO,**<br>**Petitioner,**<br>**v.**<br>**JOHN TSOUKARIS, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–12528–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Abidine Ouedraogo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Burkina Faso presently in the custody of Immigration and Customs Enforcement (ICE). (*Id.* ¶ 12.) He entered the United States on a B2 nonimmigrant tourist visa on April 17, 1998. (ECF No. 10 p. 1.) The visa expired on June 16, 1998. (*Id.*)

2. An immigration judge ordered petitioner removed on June 9, 2006. (ECF No. 10–2 p. 1.) The judge granted withholding of removal to Burkina Faso. (*Id.*)

3. Petitioner did not appeal the removal order. (ECF No. 10 p. 1.)

4. ICE detained petitioner on September 20, 2026. (ECF No. 1 ¶ 35.)

5. He was originally detained in Delaney Hall Detention Center, New Jersey. (*Id.* ¶ 36.) He was transferred to the Alexandria Staging Facility in Oakdale, Louisiana at approximately 7:30 am on September 22, 2026. (ECF No. 5.)[1]

6. Petitioner argues that there is no significant likelihood of removal in the reasonably foreseeable future. (ECF No. 1 ¶ 42.)

[1] I previously concluded that unknown custodian exception was appropriate and that the Petition was properly filed in petitioner's last known location, the District of New Jersey, against his more remote custodians, the United States Attorney General and the Secretary of the Department of Homeland Security. (ECF No. 8.)

7. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted).

8. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

9. Petitioner was ordered removed on June 9, 2006. (ECF No. 10–2 p.1.) Petitioner did not appeal that order, so his removal order became administratively final on July 9, 2006. 8 C.F.R. §1241.1(c). The removal period—during which petitioner's detention was mandatory—expired on October 7, 2006.

10. ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). The presumptively permissible timeframe for post-removal-period detention is six months. *Zadvydas*, 533 U.S. at 701.

11. However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

12. "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

13. I conclude that petitioner has made an initial showing that his removal is not reasonably foreseeable.

14. Petitioner was granted withholding of removal to Burkina Faso. (ECF No. 10–2 p. 1.)

15. "If [a noncitizen] is granted withholding-only relief, [ICE] may not remove the [noncitizen] to the country designated in the removal order unless the order of withholding is terminated." *Johnson v. Guzman Chavez*, 594 U.S. 523, 531 (2021). "But because withholding of removal is a form of country specific relief, nothing prevents [ICE] from removing [the noncitizen] to a third country other than the country to which removal has been withheld or deferred." *Id.* at 531–32 (internal citation and quotation marks omitted).

16. Since petitioner cannot be removed to Burkina Faso, respondents must find another country that will accept him.

17. Petitioner has asserted that there is no indication that ICE has arranged for his removal to a different country. (ECF No. 1 ¶ 37.) I conclude this satisfies petitioner's initial burden. *See Romero-Roblejo v. Oddo*, 26–cv–01596, 2026 WL 3166524, at *2 (W.D. Pa. Oct. 22, 2026) (citing cases where courts "found that 'good reason' was provided if the petitioner was unable to be removed to his home country and demonstrated that there was no third country option currently available.")

18. Respondents assert that petitioner is to be removed to Cameroon in November 2026. (ECF No. 15 p. 2.) They have submitted the declaration of Vu Cam, the Acting Unit Chief for ICE Removal International Operations, Africa, Enforcement and Removal Operations (Cam Dec.) in support. (ECF No. 15–1.)

19. Cam states that petitioner "was accepted by the Government of Cameroon as per our prior elevation request pursuant to the Third County Removal agreement that the Department of State negotiated and signed with the Government of Cameroon." (*Id.* ¶ 6.) "Given the Petitioner's acceptance, ICE intends to remove the [p]etitioner to Cameroon in or about November, 2026, absent any stay or temporary restraining order." (*Id.* ¶ 7.) "The [p]etitioner's acceptance by Cameroon and placement on the manifest for this charter serves as the travel document in the [p]etitioner's removal." (*Id.*)

20. However, the Supervisory Detention and Deportation Officer of the Newark Field Office, Maurice Williams, admitted that they were "not in possession of a standalone travel document beyond the arrangements referenced in [the Cam Dec.] for travel to Cameroon." (ECF No. 18 ¶ 1.)

21. Respondents have submitted evidence that Cameroon has agreed to accept petitioner into the country "in or about November." (Cam Dec. ¶7.)

22. I find that respondents have not shown that petitioner's removal is reasonably foreseeable. Although they have identified a country willing to accept petitioner, they have not provided "any travel document issued by such country, any pending request for such documentation, or any concrete removal date or other evidence demonstrating a significant likelihood of removal in the reasonably foreseeable future." *Miguel-Henriquez v. Blanche*, No. 26–cv–08907, 2026 WL 2859324, at *2 (D.N.J. Sept. 23, 2026).

23. Therefore, I will grant the Petition and order that petitioner be released on reasonable conditions of supervision as ICE is authorized by law to impose. 8 U.S.C. § 1231(a)(3).

Accordingly,

**IT IS** on this **4th** day of **November 2026** **ORDERED** that:

1. The Petition at ECF No. 1 is **GRANTED**.

2. Within **48 hours** of this Order, Respondents shall arrange for petitioner's return to New Jersey. Petitioner shall be **RELEASED** in the State of New Jersey no later than **5 days** from entry of this Order.

3. Respondents may impose reasonable conditions of supervision as authorized by law, 8 U.S.C. § 1231(a)(3).

4. Upon release, any restrictions imposed by this Court on petitioner's location are **LIFTED**.

5. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**